NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3014

EDWARD P. MENDIOLA,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Edward P. Mendiola, of San Antonio, Texas, pro se.

Tara J. Kilfoyle, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3014

EDWARD P. MENDIOLA,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in DA831E070110-I-1.

_____

DECIDED:  June 24, 2008

_____

Before NEWMAN and GAJARSA, <u>Circuit Judges,</u> and WARD, <u>District Judge</u>.[*]

PER CURIAM.

Petitioner Edward P. Mendiola, appearing <u>pro se</u>, appeals the final order of the Merit Systems Protection Board (MSPB) affirming the Office of Personnel Management's (OPM) dismissal of his application for disability retirement under the Civil Service Retirement System (CSRS) as untimely.[1]  We <u>affirm</u>.

---

[*]     Honorable T. John Ward, United States District Court for the Eastern District of Texas, sitting by designation.

[1]     <u>Mendiola v. OPM</u>, Docket No. DA-831E-07-0110-I-1 (M.S.P.B. Aug. 9, 2007).

BACKGROUND

Mr. Mendiola served as a machine tool operator at Kelly Air Force Base in San Antonio until he was separated from service on September 11, 1999. He filed an application for CSRS disability retirement in June 2005; OPM responded that 5 U.S.C. §8337(b) requires that applications for CSRS disability retirement be filed with OPM before separation from service or within one year thereafter, with that requirement waived only when the former employee was mentally incompetent within one year after separation. The OPM letter stated that Mr. Mendiola's application was untimely and requested that he submit evidence relevant to any competency determination. Mr. Mendiola submitted affidavits from his wife and a friend stating that he began suffering from various medical conditions and had undergone several surgeries after his separation. The OPM dismissed the application as untimely, stating that the documentation Mr. Mendiola provided was insufficient to show that he was unable to file his application within the one-year limit. Mr. Mendiola requested reconsideration, and OPM, affirming its dismissal, stated that Mr. Mendiola had submitted additional medical documentation of his medical conditions, but that none of the evidence suggested that his medical conditions would have rendered him mentally incompetent within a year of his separation from service.

Mr. Mendiola appealed to the MSPB. He stated that he was unaware of the time limit and that he had waited to apply for disability retirement because he had hoped to return to work, and that "[e]ven though there was a time limitation and I may not be able to say I was mentally incompetent, there was a lot of stress and depression on my part from not having a job and under one surgery after another." He also submitted letters from two doctors, Dr. Robert Ramirez and Dr. Sanjay Misra, who described his medical treatments

2008-3014                                    2

and commented on his mental state. Dr. Ramirez, who began treating Mr. Mendiola on September 30, 2003, stated that Mr. Mendiola's medical history reflected that he suffered from "severe depression and stress" after he was laid off in 1999 and 2000, and that "it is not unreasonable to infer that he had at least some degree of mental incompetence during that time." Dr. Misra stated that he had treated Mr. Mendiola since 1999 for shoulder problems and cubital tunnel syndrome and that Mr. Mendiola was depressed about his job status and had taken muscle relaxants "which might alter his mentation."

An MSPB administrative judge (AJ) conducted a hearing on January 25, 2007, at which Mr. Mendiola's wife testified that he was depressed and under stress and that he was unaware of the time limit for disability filing. A friend testified that Mr. Mendiola's health had been deteriorating and that some consideration should be given to his lack of knowledge of the filing time requirements. Mr. Mendiola testified to the surgeries he had undergone and to his medical conditions, and reiterated his lack of awareness of the deadline for filing the application, particularly in view of his expectation that he would return to work. On February 14, 2007 the AJ issued an initial decision, finding that Mr. Mendiola had not established by preponderant evidence that he was mentally incompetent at the time of his separation or within one year thereafter, and therefore affirming the OPM decision.

Mr. Mendiola petitioned the full Board for review of the initial decision, but the Board denied his petition, rendering the initial decision final on August 9, 2007. He appealed to this court pursuant to 28 U.S.C. §1295(a)(9).

## DISCUSSION

The scope of this court's review of MSPB decisions is limited. The decision must be affirmed unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in

accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. §7703(c); see, e.g.,Cheeseman v. OPM, 791 F.2d 138, 140 (Fed. Cir. 1986). Concerning the time for filing a disability retirement application, 5 U.S.C. §8337 (b) provides:

> A claim may be allowed under this section only if the application is filed with the Office before the employee or Member is separated from the service or within 1 year thereafter. This time limitation may be waived by the Office for an employee or Member who at the date of separation from service or within 1 year thereafter is mentally incompetent, if the application is filed with the Office within 1 year from the date of restoration of the employee or Member to competency or the appointment of a fiduciary, whichever is earlier.

MSPB determinations as to the timeliness of an application under this statute are reviewed under the above standard. McLaughlin v. OPM, 353 F.3d 1363, 1367-68 (Fed. Cir. 2004) (discussing further limitations on appellate review of CSRS disability retirement cases imposed by 5 U.S.C. §8347 and Lindahl v. OPM, 470 U.S. 768, 791 (1985) but explaining that our review of timely filing is not affected by these limitations).

The MSPB reviewed Mr. Mendiola's evidence, and particularly mentioned Dr. Rodriguez's statement that Mr. Mendiola suffered "severe depression" during the relevant time period and that "it is not unreasonable to infer that he had at least some degree of mental incompetence during that time." The MSPB found this statement insufficient both because it was not a conclusive opinion of incompetence and because Dr. Ramirez was not treating Mr. Mendiola during the year following his separation. Similarly, the MSPB observed that Dr. Misra never stated the opinion or belief that Mr. Mendiola was incompetent. The MSPB found more compelling Mr. Mendiola's own statement that "I might not be able to say I was mentally incompetent." The MSPB further found the evidence relating to Mr. Mendiola's physical condition, and his lack of knowledge of

2008-3014                                            4

§8337(b), provided no support for his delay.

Mr. Mendiola argues that the MSPB erred by failing to take into account his physical disability and his lack of knowledge of the one-year filing deadline for disability retirement claims. He does not argue that the MSPB applied the wrong legal standard; rather, he challenges the fairness of rigid application of the standard to his case, in light of his physical impairments and lack of knowledge. Mr. Mendiola also argues that the MSPB failed to consider that his doctors consider him totally disabled and have not "released" him from treatment. On this appeal Mr. Mendiola filed additional medical records, including a report from Dr. Anna Gonzaba who tested Mr. Mendiola for carpal tunnel syndrome, and an additional letter from Dr. Ramirez stating his belief that Mr. Mendiola has a permanent disability.

No legal error has been shown in the MSPB's interpretation of 5 U.S.C. §8337(b), which provides that the one-year filing period for filing disability applications is extendable only if the applicant was or became mentally incompetent during that period. As applied to late filing under §8337(b), "mentally incompetent" means that the applicant had "no more than some minimal capacity to manage his own affairs." French v. OPM, 810 F.2d 1118, 1119 (Fed. Cir. 1987). The applicant must establish mental incompetence by preponderant evidence. See 5 C.F.R. §1201.56(a).

The MSPB did not err in holding that lack of knowledge of the law, and the evidence of Mr. Mendiola's medical conditions, did not establish "mental incompetence" for the purpose of excusing the one-year deadline imposed by 5 U.S.C. §8337(b). The new evidence Mr. Mendiola submitted with this appeal only goes to his physical condition, and provides no additional support for showing mental incompetence during the relevant time

period.  This court does not have authority to depart from the statutory mandate.

The MSPB conclusion that Mr. Mendiola did not meet the requirements of the statute is supported by substantial evidence, and must be sustained.

No costs.